JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Windspeed Enterprise Limited

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Charles J. Potts
Briskman & Binion, P.C.
205 Church Street

## DEFENDANTS
M/V SEMI 1, IMO No. 8518314, her engines, freights, apparel, appurtenances, tackle, etc., in rem, and M/V SEMI

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [X] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Sec. 1333, Sec. 31341, & 46 USC Secs. 31301-31343
Brief description of cause:
Arrest of vessel.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE 3 DEC 2021

SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Windspeed Enterprise Limited, | § § | |
| Plaintiff, | § § | CIV. NO. 21-523 |
| v. | § § § | |
| M/V SEMI 1,<br>IMO No. 8518314, her engines,<br>freights, apparel, appurtenances,<br>tackle, etc., *in rem*, | § § § § § | |
| and | § § | |
| M/V SEMI 2,<br>IMO No. 8518302, her engines,<br>freights, apparel, appurtenances,<br>tackle, etc., *in rem,* | § § § § § | IN ADMIRALTY<br>PURSUANT TO RULE 9(h), FRCP |
| Defendants. | § | |

## ORIGINAL VERIFIED COMPLAINT

Plaintiff, Windspeed Enterprise Limited (hereinafter "Windspeed" or "Plaintiff"), by and through its undersigned counsel, as and for its Original Verified Complaint against the Defendants M/V SEMI 1, IMO No. 8518314, her engines, freights, apparel, appurtenances, tackle etc. *in rem* (hereinafter "M/V SEMI 1") and M/V SEMI 2, IMO No. 8518302, her engines, freights, apparel, appurtenances, tackle etc. *in rem* (hereinafter "M/V SEMI 2"), (hereinafter collectively "Vessels"), alleges and pleads as follows:

### I. JURISDICTION, VENUE AND PARTIES

1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and §31341 of the Commercial Instruments and Maritime

Lien Act, 46 U.S.C. §§ 31301-31343, and is brought under the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Rule C").

2. Jurisdiction is founded on the presence within the District of the M/V SEMI 1 and M/V SEMI 2, which may be arrested to enforce a maritime lien in accordance with the provisions of Rule C, as pled in Sections II & III below.

3. At all times material hereto Plaintiff, Windspeed, was and still is a foreign corporation organized and existing under the laws of the British Virgin Islands with its principal business office at Nerine Chambers, PO Box 905, Road Town, Tortola, British Virgin Islands.

4. Defendant M/V SEMI 1 is a vessel, which at all relevant times was registered in the Bahamas, with an IMO number 8518314, and was owned by Semi Sub Services B.V. (hereinafter "Semi Sub" or "Owners"). The vessel is now, or will be during the pendency of this action, within the Southern District of Alabama, and subject to the jurisdiction and venue of this Honorable Court.

5. Defendant M/V SEMI 2 is a vessel, which at all relevant times was registered in the Bahamas, with IMO number 8518302, and was owned by Semi Sub, and, is now, or will be during the pendency of this action, within the Southern District of Alabama, and subject to the jurisdiction and venue of this Honorable Court.

## II. THE SUBSTANTIVE CLAIMS

6. Windspeed and Semi Sub entered into a purchase and sale agreement on January 22, 2020, wherein Semi Sub agreed to sell and Windspeed agreed to purchase the M/V SEMI 1 and M/V SEMI 2. Pursuant to the terms and conditions of the agreement and in preparation to take delivery of the Vessels, Windspeed supplied necessaries to the M/V SEMI 1 and M/V SEMI 2, specifically, bunkers, crew, hull cleaning, cost of insurance survey, and flag/class charges.

7. Plaintiff paid for these necessaries on order of the Owner of the Vessels and brings this action to recover amounts indisputably due and owing for the supply of necessaries to the Vessels.

8. Windspeed delivered bunker fuel to the Vessels at Coatzacoalcos, Mexico on various dates, which totaled USD 313,712 for the M/V SEMI 1 and USD 329,061 for the M/V SEMI 2 as set out in the table below. *See* invoices from Royal Marine Services Pte Ltd, Shipskart Marine Private Limited, Tagal S.A. DE C.V. and bunker delivery notes for bunkers delivered, and bank swift records evidencing payments made by Plaintiff (*attached hereto as Exhibit 1*). The bunkers were delivered to the Vessels on or about the following dates:

**SEMI 1: BUNKERS DELIVERED**

| Date | Quantity |
| --- | --- |
| February 20, 2020 | 5,000 Liters |
| March 7, 2020 | 229.762 Metric Tons |

**SEMI 2: BUNKERS DELIVERED**

| Date | Quantity |
| --- | --- |
| February 20, 2020 | 5,000 Liters |
| March 14, 2020 | 215.844 Metric Tons |
| March 18, 2020 | 17,000 Liters |

9. Windspeed also arranged for and paid for the Vessels' crew from February 11, 2020 to April 22, 2020. The crew wages and expenses amounted to USD 289, 087.85 for the M/V SEMI 1 and USD 168,254.14 for the M/V SEMI 2. *See* invoices from BBN

Shipmanagement Pvt Ltd for the crew provided to the Vessels and bank swift records evidencing payments made by Plaintiff (*attached hereto as Exhibit 2*).

10. Windspeed also had to incur crew travel expenses to transport the crew from the port to the Vessels and back to the port. *See* invoices from Tomas Ruiz, S.A. DE C.V. and bank swift records evidencing payment made by Plaintiff (*attached hereto as Exhibit 3*) for the amount of USD 16, 532.65 for the M/V SEMI 1.

11. Windspeed also arranged for and paid hull cleaning services to the Vessels on February 27, 2020. *See* invoice from Technosub Marine Services S.A. DE C.V. for the hull cleaning services provided to the Vessels and bank swift records evidencing payments made by Plaintiff (*attached hereto as Exhibit 4*) for the amount of USD 16,449 for each Vessel.

12. Windspeed also covered the cost of the insurance survey for the Vessels from March 29, 2020 to April 8, 2020. *See* invoice from Aqualis Baremar Marine Services LLC for the services provided and bank swift records evidencing payments made by Plaintiff (*attached hereto as Exhibit 5*) for the amount of USD 8,871.50 for each Vessel.

13. Windspeed covered the flag and class charges for the Vessels on February 8, 2020 and March 27, 2020. *See* invoices from GMCG LTD for the survey fees and registrations fees for the Vessels and bank swift records evidencing payments made by Plaintiff (*attached hereto as Exhibit 6*) for the amount of USD 11,125 for each Vessel.

14. Semi Sub by virtue of its role as owners of the Vessels was authorized to order necessaries for the account and on the credit of the Vessels.

15. In breach of purchase and sale agreement, Owners wrongfully refused, neglected, and/or otherwise failed to deliver the Vessels to Plaintiff. In addition, Owners failed, neglected, and/or refused to pay Plaintiff for the necessaries provided to the Vessels.

16.     The Vessels (and Owners) received the benefit of the necessaries provided by Plaintiff to the Vessels and are indebted to Plaintiff for said amount. The Vessels are liable *in rem* for the aforementioned goods and services.

17.     Plaintiff has a maritime lien on the M/V SEMI 1 and M/V SEMI 2 for the provision of necessaries, *i.e.* bunkers, crew, hull cleaning, cost of insurance survey, and flag/class charges, enforceable in admiralty in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

18.     Payment of all sums has been duly demanded by Plaintiff from the Vessels and Owners, however, to date, Defendants have neglected, failed, or otherwise refused to pay the outstanding aggregate sum of **USD 1,189,538.64**, which is indisputably due and owing for the necessaries.

### III. ALLEGATIONS IN SUPPORT OF RULE C ARREST

19.     Plaintiff repeats and re-alleges all matters alleged in the above and foregoing Original Verified Complaint, and for its further and additional admiralty *in rem* claims against Defendants, alleges and pleads as follows

20.     As a result of the failure to pay the amounts owed to Plaintiff for the necessaries supplied to the Vessels, Plaintiff's claim for the amount of USD 1,189,538.64, attaches as a maritime lien on the said vessels in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 *et seq*. with suit *in rem.*

21.     Plaintiff also seeks its applicable costs, fees, and interest in this matter. It is common for the security to be set at one and a half (1.5) times of the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest in the amount of **USD 1,784,307.96**. *See* Supplemental Rule E(5).

22.     Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

23. As time is of the essence and Plaintiff has reason to believe that the Vessels are likely to be scrapped, Plaintiff requests that this Court issue a warrant for the arrest of the Vessels immediately. The Vessels are currently located in Mobile, Alabama and Plaintiff has received information indicating that the Vessels are due to be demolished, disassembled, and scrapped. Once the Vessels are demolished and scrapped, they will be beyond the jurisdictional reach of this Honorable Court. It is therefore imperative that the Court expedites the issuance of the warrant for immediate arrest of the Vessels so that Plaintiff may seek to sell the M/V SEMI 1 and M/V SEMI 2, their engines, freights, apparel, appurtenances, tackle etc. in rem, after their arrest, to satisfy its claim, before the Vessels are demolished and scrapped.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A. That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against Defendant M/V SEMI 1, *her* engines, freights, apparel, appurtenances, tackle etc. *in rem,* and Defendant M/V SEMI 2, *her* engines, freights, apparel, appurtenances, tackle etc. *in rem,* including the issuance of a warrant for the immediate arrest of the M/V SEMI 1 and M/V SEMI 2, and that the said vessels be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B. That judgment be entered in favor of Plaintiff and against the Defendants M/V SEMI 1 and M/V SEMI 2 *in rem*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

C. That the M/V SEMI 1 and M/V SEMI 2, their engines, freights, apparel, appurtenances, tackle etc. *in rem*, after their arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the

proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fees;

      D.      That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Respectfully submitted on December 3, 2021.

                                                          */s/Charles J. Potts*
                                                         CHARLES J. POTTS (POTTC0053)
                                                         *Attorney for Plaintiff, Windspeed Enterprise Limited*

OF COUNSEL:

**BRISKMAN & BINION, P.C.**
Post Office Box 43
Mobile, AL  36601
T:  251-433-7600
F:  251-433-4485
E: cpotts@briskman-binion.com

                                                         */s/George M. Chalos*
                                                         GEORGE M. CHALOS (GC-8693)
                                                         *Attorney for Plaintiff, Windspeed Enterprise Limited*
                                                         **Pro hac vice application forthcoming*

OF COUNSEL:

**CHALOS & CO, P.C.**
55 Hamilton Avenue
Oyster Bay, New York 11771
T: 516-714-4300
F: 516-750-9051
E: gmc@chaloslaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| Windspeed Enterprise Limited, | § § | |
| Plaintiff, | § § | CIV. NO. _____ |
| v. | § § § | |
| M/V SEMI 1, IMO No. 8518314, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, | § § § § § § | |
| and | § § | |
| M/V SEMI 2, IMO No. 8518302, her engines, freights, apparel, appurtenances, tackle, etc., *in rem,* | § § § § § § | IN ADMIRALTY PURSUANT TO RULE 9(h), FRCP |
| Defendants. | § | |

## **VERIFICATION**

Pursuant to 28 U.S.C. § 1746, I, Ioannis Kourkoulis, declare under the penalty of perjury:

1. I am a representative of Windspeed Enterprise Limited, and authorized to act on the company's behalf;

2. I have read the foregoing Verified Complaint and know the contents thereof; and

3. I believe the matters to be true based on my own personal knowledge as well as the documents and information maintained in the ordinary course of Plaintiff's business as well as documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters, and attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

December 2, 2021

By: _____
Ioannis Kourkoulis
Authorized Representative of
Windspeed Enterprise Limited